ROBERT A. DOTSON, ESQ.
Nevada Bar No. 5285
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
(775) 322-1170
Attorneys for Defendant
TRUCKEE CARSON IRRIGATION DISTRICT

FILED
04 JUN -8 PM 3: 33
LANCE S. WILSON
CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE P. GENTNER,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY E. CECIL, individually and in his official capacity as Water Master for the Truckee Carson Irrigation District, CHUCK VINCENT, individually and in his official capacity as Water Conservation Coordinator of the Truckee Carson Irrigation District, W. CHRISTOPHER CECIL, individually and in his official capacity as Ditch Rider for the Truckee Carson Irrigation District, KELLY CECIL, individually as an employee of the Truckee Carson Irrigation District, TRUCKEE CARSON IRRIGATION DISTRICT, a political subdivision of the State of Nevada,<br><br>Defendants. | Case No. CV-N-02-0456-ECR(VPC)<br><br>**DEFENDANT TRUCKEE CARSON IRRIGATION DISTRICT'S RESPONSIVE BRIEF** |

Defendant TRUCKEE CARSON IRRIGATION DISTRICT ("TCID"), by and through its counsel of record, Laxalt & Nomura, Ltd., hereby files its Responsive Brief in accordance with this Court's May 10, 2004 order, addressing the issues of whether TCID is a state actor for purposes of 42 U.S.C. § 1983 and whether this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501

30

DATED this 7 day of June, 2004.

LAXALT & NOMURA, LED.

By: *(signature)*

ROBERT A. DOBSON, ESQ.
Nevada State Bar No. 5285
ROSETTA S. CLARK, ESQ.
Nevada State Bar No. 5258
50 W. Liberty Street, Suite 700
Reno, Nevada  89501
(775) 322-1170

Attorneys for Defendant
TRUCKEE CARSON IRRIGATION DISTRICT

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Ninth Circuit's Holding in *Gorenc v. Salt River Project Agricultural Improvement and Power District* is Directly Applicable to This Case.

Plaintiff contends that Gorenc v. Salt River Project Agricultural Improvement and Power District, 869 F.2d 503 (9th Cir. 1989), is not applicable here because it is an Arizona case. See Plaintiff's Supplemental Brief at p. 4, lines 11-12. Gorenc, however, is not an Arizona case. Rather, it is a Ninth Circuit case and is directly controlling and applicable to the question of whether TCID's conduct constitutes state action.

As the Gorenc Court stated, whether certain conduct constitutes state action is a question of federal law, not state law. See Gorenc, 869 F.2d at 505. In Gorenc, because Arizona courts had dealt directly with the issue presented, the Court accepted such authority as persuasive, but not dispositive. Similarly, here, Nevada courts have dealt with the issue presented and such authority should be persuasive in this Court. See State v. Lincoln County Power Dist. No. 1, 60 Nev. 401, 409, 11 P.2d 528, 532 (1941); Truckee-Carson Irrigation District v. Baber, 80 Nev. 263, 266, 392 P.2d 46, 47 (1964). Nevada, like Arizona, has concluded that irrigation districts should be treated like political subdivisions for some purposes, but not for all purposes. Id. Nevada, however, has never specifically considered whether an irrigation district's role as an employer constitutes state action for purposes of a § 1983 action.[1] That question was specifically considered by the Ninth

---

[1] It is noted that under the Nevada Revised Statutes, irrigation districts are included within the definition of "local government employer" and "public employer" for purposes of relations between governments and public employees and the public employees' retirement system. See NRS 288.060; NRS 286.070. Nevertheless, these statutory enactments do not address the supervision and training of employees, which is the issue presented here. Rather, as TCID noted in its Supplemental Brief, irrigation districts have the exclusive power to hire employees and proscribe their duties. See NRS 539.193. The State of Nevada has no control or influence, and is not involved in any way, in the training and supervising of TCID employees.

Circuit in Gorenc and Gorenc is, therefore, directly applicable here. Plaintiff further argues that Gorenc does not apply because the circumstances involved in that case are different from those presented here. See Plaintiff's Supplemental Brief at p. 4, lines 14. To the contrary, the circumstances in Gorenc are nearly identical to the circumstances here. Plaintiff contends that TCID employees used excessive force in enforcing the water allotment. Id. at p. 5, lines 26-28. Plaintiff's claim against TCID itself, however, is that it failed to properly train or supervise its employees. See Complaint at ¶¶ 27, 29. In Gorenc, the plaintiff asserted that the irrigation district terminated his employment without due process of law. Thus, the issue presented in Gorenc is precisely the same issue presented here: whether an irrigation district is a political subdivision for purposes of employment matters

## II.    NRS 43.080 and 41.0305 do not Supercede Applicable Nevada Case Law.

Plaintiff argues that two Nevada statutes defining an irrigation district as a municipality and a political subdivision were enacted after Baber and Lincoln County Power District were decided and therefore supercede such cases. See Plaintiff's Supplemental Brief at pp. 4-5. NRS 43.080 and 41.0305, however, merely define an irrigation district as a municipality and a political subdivision for purposes of those particular statutory acts. For example, NRS 43.080 includes an irrigation district within the definition of a municipality for purposes of utilizing a statutory procedure to seek an early judicial examination and determination of the validity of any power, instrument, act or project of any municipality. See NRS 43.020. NRS 41.0305 includes an irrigation district within the definition of a "political subdivision" for purposes of sovereign immunity. On the other hand, NRS 271.145 specifically excludes irrigation district from the definition of municipality for purposes of that statutory act. Thus, although NRS 41.0305 does supercede the Nevada Supreme Court's holding in Baber that an irrigation district is not entitled

4

to sovereign immunity, such statutes **do not overrule** the Nevada Supreme Court's holding that "[i]rrigation districts are organized **primarily to** promote the material prosperity of the few owning lands within their boundaries . . . **and are not** organized for the discharge of governmental functions." State v. Lincoln County **Power Dist. No. 1**, 60 Nev. 401, 409, 11 P.2d 528, 532 (1941). Moreover, such statutes do not **establish that** an irrigation district is a political subdivision for purposes of employment matters. **Accordingly,** despite the legislature's pronouncement that an irrigation district is a political sub**division for** certain purposes, an irrigation district may still be found not to be political subdivision **for employment** purposes.

## CONCLUSION

For the reasons outlined **above and in** TCID's Supplemental Brief, TCID cannot be considered a state actor with respect **to employment** matters for purposes of a § 1983 action. Alternatively, even if this Court concludes **that** TCID is a state actor, TCID is entitled to summary judgment on Plaintiff's § 1983 claim **for the reasons** outlined in TCID's Motion for Summary Judgment. Accordingly, TCID respectfully **requests** that this Court enter an order granting it summary judgment on all Plaintiff's **claims and** dismissing it from this action.

DATED this 7 day of June, 2004.

LAXALT & NOMURA, LED.

By: _____
ROBERT A. DOBSON, ESQ.
Nevada State Bar No. 5285
ROSETTA S. CLARK, ESQ.
Nevada State Bar No. 5258
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
(775) 322-1170
Attorneys for Defendant
TRUCKEE CARSON IRRIGATION DISTRICT

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of LAXALT & NOMURA, LTD., and that on the 9th day of June, 2004, I served a true and correct copy of the DEFENDANT TRUCKEE CARSON IRRIGATION DISTRICT'S RESPONSIVE BRIEF by:

[✓] Mail on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At the Law Offices of Laxalt & Nomura, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

[ ] Personal delivery by causing a true copy thereof to be hand delivered this date to the address(es) at the address(es) set forth below.

[ ] Facsimile on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

[ ] Federal Express or other overnight delivery.

[ ] Reno/Carson Messenger Service

addressed as follows:

James Andre Boles, Esq.  
618 South Center Street  
Reno, Nevada 89501  
*Attorney for Plaintiff*

Frank H. Roberts, Esq.  
648 Lander Street  
Reno, NV 89509  
*Attorney for Defendants*  
*Shelby E. Cecil, Chuck Vincent, W. Christopher Cecil and Kelly Cecil*

Denise Morse, an employee of Laxalt & Nomura, Ltd.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501