JAMES ANDRÉ BOLES, ESQ.
Nevada Bar Number 003368
18 Stewart Street
Reno, Nevada 89501
(775) 329-1544

# UNITED STATED DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE P. GENTNER,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY E. CECIL, et al.,<br><br>Defendants. | Case No. CV-N-02-0456-ECR (VPC)<br><br>**RESPONSE TO DEFENDANT TRUCKEE CARSON IRRIGATION DISTRICT'S SUPPLEMENTAL BRIEF** |

COMES NOW Plaintiff, George P. Gentner, by and through counsel, James André Boles, Esq., and hereby responds to Defendant Truckee Carson Irrigation District's Supplemental Brief. This opposition is made and based on the following as well as all pleadings and papers on file herein.

Respectfully submitted this _16_ day of _June_, 2004.

James André Boles, Esq.
Attorney for Plaintiff

1

## POINTS AND AUTHORITIES

Defendant Truckee Carson Irrigation District (TCID) submitted their supplemental brief pursuant to this Court's order dated May 10, 2004. Their argument that TCID is not a State Actor is based upon the case law the Court provided: *Truckee Carson Irrigation District v. Baber*, 80 Nev. 263, 392 P.2d 46 (1964) and *State v. Lincoln County Power Dist. No. 1*, 60 Nev. 401, 111 P.2d 528 (1941). As demonstrated in Plaintiff's Supplement to Opposition to Truckee Carson Irrigation District's Motion for Summary Judgment, and elaborated herein, this argument must fail because these cases are out-dated and nullified by statutes enacted since.

*State v. Lincoln* concerned whether property owned by Lincoln County Power District No. 1, a corporation existing under chapter 72, laws of Nevada 1935, was exempt from taxation. This Court held that although irrigation districts are "organized primarily to promote the material prosperity of the few owning lands within their boundaries" (*Lincoln* supra @ 409) they are "public agencies exercising governmental functions" whose "properties are in effect properties of the state" for taxation purposes (*Lincoln* supra @ 410). After this matter was decided this and other courts have relied on *Lincoln* as follows:

> *Sheridan Co. Pr. Dist. v. C.,B. & Q.r.r.*, 61 Wyo. 365, 369 (1945): A power district is a municipal corporation and can not be created without a vote of the people. *Lincoln*, supra @ 532.
>
> *King v. Board of Regents*, 65 Nev. 533 (1948): Every presumption is in favor of the validity of a statute, and a statute will always be sustained if there be any reasonable doubt of its unconstitutionality. *Lincoln* supra
>
> *Mclaughlin v. L.V.H.A.*, 68 Nev. 84 (1951): title to the Nevada power district law is not constitutionally defective *Lincoln* supra
>
> *Deaton v. Deaton*, 237 N.C. 487 (1953): Where the General Assembly has spoken in a constitutional manner, public policy is what the General Assembly has declared that policy to be. *Lincoln* supra
>
> *Wh. Pine Power v. P.S.C.*, 76 Nev. 497 (1960): Only municipalities constructing, leasing, operating, or maintaining any public utility are exempt from the provisions of NRS

2

704.330[1]. NRS 704.340[2]. A municipal power district is not a municipality. NRS 312.040[3]. The case of *State v. Lincoln County Power District*, 60 Nev. 401, 111 P.2d 528, does not hold otherwise. It decided only the proposition that the property of a municipal power district was exempt from taxation. We therefore conclude that municipal power districts are subject to the provisions of NRS 704.330. (See also *Las Vegas Valley Water v. Michelas*, 77 Nev. 171 (1961): power districts are not municipalities).

*Ex Parte Philipie*, 82 Nev. 215 (1966): The acts of a legislative body are presumed to be valid until it is clearly shown that they violate some constitutional restriction. *Lincoln* supra.

*Galloway v. Truesdell*, 83 Nev. 13 (1967): Unless there are specific constitutional limitations to the contrary, statutes are to be construed in favor of the legislative power. *Lincoln* supra

*Lammers et al. v. Heartland*, 85 S.D. 205 (1970): The generation and distribution of electric power has long been recognized as a public use and purpose. *Lincoln* supra

Power districts authorized by Chapter 72, Laws of 1935, are created for the sole purpose of assisting the state in the performance of its governmental function of distributing heat, light and power among its people without profit. *Lincoln* supra.

Only two of these cases rely on *Lincoln* in a manner that would somewhat apply to the instant matter. However, *White Pine Power* and *Lammers* concern power districts and do not discuss irrigation districts and are even contradictory; *White Pine Power* holding that power districts are not municipalities while *Lammers* holds that they are.

The later case of *TCID v. Baber* held that irrigation districts are not municipalities for the purposes of sovereign immunity. Baber @ 266. The cases that rely upon *Baber* do so to argue punitive damages (*Donaldson v. Anderson*, 109 Nev. 1039 (1993): wrongful death action where appellants sought appeal from lower court's decision on grief and suffering damages; and *Wilson v. Pacific Maxon, Inc.*, 100 Nev. 479 (1984): real estate and property matter wherein appellant sought relief from court's decision on punitive damages).

As stated in Plaintiff's Supplement *Lincoln* and *Baber* were decided before the enactment of NRS 43.080 and NRS 41.035 which includes irrigation districts under the definitions of municipality and political subdivisions respectfully. *White Pine Power* and *Lammers* concern power districts which are

---

[1] NRS 704.330: Public utility to obtain certificate of public convenience or necessity.

[2] Municipalities and certain trusts for furtherance of public functions not required to obtain certificates; approval and jurisdiction of Commission.

[3] Repealed.

3

not included in the definitions provided by these statutes. Even if they were, NRS 41.035, enacted in 1977, would override the findings in *White Pine Power*.

TCID argues that should this Court determine that if it is found to be a political subdivision then liability could not attach because they are protected by the doctrine of *respondeat superior*. This issue was raised in the original motion for summary judgment and was argued against in Plaintiff's opposition to that motion.

If this Court should decide that TCID is a private actor, then they must be considered to be acting under the color of law for § 1983 liability to attach. *West v. Atkins*, 487 U.S. 42 [1988]. Civilian conduct "fairly attributable" to the State can satisfy this requirement. *Lugar v. Edmondson Oil Co.* 457 U.S. 922 [1982]. To establish this attribution we then turn to the four tests set forth in *Gorenc v. Salt River Project Agr. Imp. & Power*, 869 F.2d 503, (9th Circ. 1998).

Of the four analysis provided by Gorenc, perhaps the one that pertains the most would be the 'public function' doctrine: a "private actor is functioning as the government, that private actor becomes the state for purposes of state action" (*Gorenc* @ 508 citing to *Terry v. Adams*, 345 U.S. 461). When a private individual or group is "endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citations omitted). The function at issue must be traditionally and exclusively governmental. *Idid*. Examples of this relationship can be seen in private individuals who provide security for a naval and conduct searches on behalf of the government *Dobyns v. E-Systems, Inc.*, 667 F.2d 1219 (5th Cir. 1982); where local police allow a store security guard to "substitute his judgment for that of the police" (*Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1430 (10th Cir. 1984), *cert. denied* (as to the private defendants), 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985); a civilian who administers polygraphs for the police department (*Thorne v. City of El Segundo*, 726 F.2d 459, 471 n. 11 (9th Cir. 1983) (*cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984); and a private towing company acting by request of a police department and under a statutory scheme for the purpose of enforcing traffic laws (*Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1322 (9th Cir. 1982).

The question then before the court is whether TCID's function is conferred upon it by the State

4

and whether the duties it carries out is typically conducted by the State. As stated in Plaintiff's Supplement the TCID was formed in concert with the Bureau of Reclamation. The duties delegated to the TCID included creating and maintaining a Water Conservation Plan measuring, accounting and charging for the water delivered to each water user. Functions statutorily delegated to the State Engineer by NRS 533.305(Division of water among ditches and reservoirs; regulation of distribution among users; notice of regulation by water commissioner; duties of district attorney) and NRS 533.220 (Distribution of water; enforcement of order or decision of State Engineer).

TCID's argument regarding the Public Function test must fail. It is immaterial whether those that it serves are private land owners who have the power to elect the Board of Directors. TCID functions because of the powers endowed to it by the State and Bureau of Reclamation, just like the security company, security guard, polygraph administrator and towing company examples described above. Another example is law enforcement agencies. City police personnel serve only those members of the city, not the public as a whole, yet they are still considered to be state actors.

The existence of governmental action is a question of fact. *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983). Only by sifting facts and weighing circumstances can the non-obvious involvement of the State in private conduct be attributed its true significance. *Ibid*.

## CONCLUSION

As explained in Plaintiff's Supplemental Opposition to Truckee Carson Irrigation District's Motion for Summary Judgment the TCID is statutorily defined as a political subdivision. If however, this Court decides that it is not, then it can be easily demonstrated that the TCID operates as a governmental agency, endowed with powers by the State. Because the TCID serves a 'public function' then it is acting under the color of law and liable for Plaintiff's § 1983 damages. THEREFORE, for the reasons stated herein and in Plaintiff's Supplement, it is respectfully requested that Defendant Truckee Carson Irrigation District's Motion for Summary Judgment be DENIED and that this matter proceed to be adjudicated on its merits.

Dated this ____16th____ day of ___June___, 2004.

James André Boles, Esq.
Attorney for Plaintiff

5

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I hereby certify that I am an employee of the law offices of JAMES ANDRÉ BOLES and that on this date, I served a true and correct copy of the foregoing document by:

_____ Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno, Nevada.

_____ Reno/Carson Messenger Service.

_____ Personal Delivery.

_____ Facsimile.

addressed as follows:

Robert A. Dotson, Esq.
Ronetta S. Clark, Esq.
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Attorneys for Defendant Truckee Carson Irrigation District

Frank H. Roberts, Esq.
648 Lander Street
Reno, Nevada 89509
Attorney for Defendants Shelby E. Cecil, Chuck Vincent, W. Christopher Cecil and Kelly Cecil

DATED this 16th day of June, 2004.

_____
An Employee of James André Boles